## DICKEY *versus* FRANKLIN BANK.

In trover, the conversion is sufficiently established, by proving that the defendant had claimed the property as his own, and attempted to dispose of it for his own benefit.

TROVER for a promissory note of $200 given by Bourne to the plaintiff, and by the plaintiff indorsed in blank, — called note B.

The cause came on before HOWARD, J., and was submitted for decision by the full court upon the testimony; which was to the following effect.

Plaintiff owed the bank on a note called note A, wherein Dammon was a surety. Plaintiff held the note now in controversy, and sent it by Dammon to the bank, to have the amount of it indorsed upon note A. Dammon delivered it to the cashier, with directions how it should be applied. The cashier said he understood about it. It was never so applied, but the bank sued and collected the note A.

The plaintiff then, by his agent, demanded the note B of the president and of the cashier, but never obtained it.

The bank had a controversy and a reference with Bourne,

Dickey *v.* Franklin Bank.

and claimed to own the note B, and produced it before the referee, to offset it against Bourne. But that being resisted, the note was withdrawn from that controversy.

*Paine,* for defendant.

Trover will not lie. The action should be on the contract. The note became the property of the bank by purchase, and they were to apply it on the note against the plaintiff. Hence the bank claimed to own it and to offset it. If the bank did not pay for it, as agreed, they are liable in assumpsit. This would allow the bank to set off such claims as they may have against the plaintiff.

The plaintiff supposes the president and cashier had no authority to *purchase.* If so, had they the power to make the bank *convert* the note ? But it was within the official power of the cashier to make such a trade. There was then no conversion. 17 Mass. 502 ; 24 Maine, 566.

But if the note was *not* purchased, the plaintiff's remedy is against the cashier only. To illustrate ; suppose plaintiff had lodged with the cashier a bale of silk, with orders to appropriate the avails upon his note, which was not done. The remedy would not be against the bank. And such is the law in this case.

*Danforth,* for the plaintiff.

SHEPLEY, C. J., orally. — The cashier had no authority to receive the note for the bank, except by allowing it on the note A. This was not done, and it never became the property of the bank. The bank had the note in possession ; claimed to own it, and attempted to apply it to their own benefit by a set-off against a debt due from themselves. This constituted a conversion.                    *Judgment for plaintiff.*